IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cash Wright,                       :
           Appellant            :
                           :   No. 1204 C.D. 2021
           v.                   :
                           :   Submitted: December 4, 2023
Office of Open Records        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED: January 16, 2024


           Cash Wright (Requester) appeals *pro se* from the July 14, 2021 Order entered in the Philadelphia County Court of Common Pleas (trial court) denying his appeal of the Final Determination issued by the Office of Open Records (OOR), which dismissed as untimely the appeal of his Right-to-Know Law (RTKL)[1] request concerning a sheriff's sale in the City of Philadelphia (City). Upon review, we affirm.

## I. Background and Procedural History

           On September 19, 2020, Requester submitted a request to the City under the RTKL seeking records related to a February 19, 2020 sheriff's sale, which he alleged, was inappropriately conducted to his detriment (Request). The City invoked

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104.

a 30-day extension to respond to his Request on September 25, 2020,[2] and before that extension period expired, the City asked for an additional 30 days to respond on October 22, 2020.[3] However, Requester did not send a written response addressing the extension.[4]

Requester appealed to OOR on December 1, 2020.[5] OOR entered a deficiency order directing him to submit a copy of his Request along with the City's

---

[2] Section 901 of the RTKL provides that the time for an agency to a respond to a request "shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." 65 P.S. § 67.901. However, when additional time is necessary for an agency to fulfill a request, Section 902(a) of the RTKL allows it to invoke a 30-day extension under certain circumstances, including staffing limitations and additional time needed for legal review, which were cited by the City in this case. 65 P.S. § 67.902(a).

[3] Under Section 902(b)(2) of the RTKL, an agency must provide notice of its need for an extension. This provision states in relevant part:

> (2) The notice shall include a statement notifying the requester that the request for access is being reviewed, the reason for the review, a reasonable date that a response is expected to be provided and an estimate of applicable fees owed when the record becomes available. **If the date that a response is expected to be provided is in excess of 30 days, following the five business days allowed for in section 901**, the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.

65 P.S. § 67.902(b)(2) (emphasis added).

[4] The City sent a response to Requester on November 23, 2020, (Trial Ct. Op. at 2), which he apparently considers unsatisfactory, as he maintains that "he never spoke to or received any written correspondence from any Right To Know Officer[.]" (Requestor's Br., at 5.)

[5] Regarding the appeal period, Section 1101(a)(1) of the RTKL provides: "(1) If a written request for access to a record **is denied or deemed denied**, the requester may file an appeal with the Office of Open Records . . . **within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial**." 65 P.S. § 67.1101(a)(1) (emphasis added).

response, which Requester provided on December 15, 2020. OOR issued a Final Determination on January 4, 2021, dismissing Requester's appeal as untimely. OOR explained that it lacked jurisdiction over the untimely appeal and stated as follows:

> Requester submitted the City's September 25, 2020 notice invoking a thirty-day extension, as well as an email dated October 22, 2020 seeking additional time to respond. On December 29, 2020, the City submitted an affidavit made under the penalty of perjury from Nora Day, Legal Assistant in the City's Law Department. Ms. Day attests that on October 22, 2020 she sought an additional extension to respond; however, she confirms there was no written agreement from the Requester agreeing to the extension. Even if the parties had an oral agreement to extend the date to respond to the Request, because there was no agreement in writing from the Requester, the Request was deemed denied on October 26, 2020. Based on the deemed denial date of October 26, 2020, the appeal was to be filed by November 17, 2020. Because the OOR received the appeal on December 1, 2020, more than fifteen days after the Request was deemed denied, the appeal is dismissed as untimely, and the City is not required to take any further action.

(OOR Final Determination, at 2-3) (footnotes omitted).

Requester filed an appeal from OOR's Final Determination in the trial court on January 29, 2021. The trial court held a hearing via Zoom video conferencing on July 14, 2021, at which Requester appeared *pro se* and the City was represented by counsel. Requester testified in pertinent part as follows:

> This matter results from a sheriff's sale. It was a large property, almost two acres, unheard of in sheriff's sale, city of Philadelphia standards, very rare. It was like a 30-year offering. And I felt that–there's bidders that usually come to the auction and they consider what high rollers they buy probably 95 percent of the viable property. . . . What was I was looking for was the records of these repeat buyers, these preferential buyers, find out the percentage, some statistics

3

as to how many properties they buy and where they bought them. . . . I was the only one that rose to my feet and made an initial bid, and there was no challenging bid. So [the auctioneer] went on this charade of intimidating me, insulting me and buying time to other bidders, select bidders. . . . I should have been the winning bidder from the offset of the auction[.]

(Notes of Testimony, 7/14/21, at 9-11.) When asked about the timeliness of his appeal to OOR, Requester opined that the legislature did not intend for RTKL requests to be dismissed based on "a date controversy." *Id.* at 6. After the hearing, the trial court entered an Order denying Requester's appeal. Requester filed a Notice of Appeal with the Pennsylvania Superior Court on August 9, 2021, and that Court transferred the case to us.

The trial court issued an opinion on December 3, 2021, explaining that because Requester's appeal was filed after the 15-day deadline prescribed by the RTKL, OOR properly dismissed it as untimely. (Trial Ct. Op., 12/03/21, at 7-10.) The court additionally noted that Requester failed to produce any evidence to support his allegation that the City engaged in "scam tactics" or other inappropriate conduct, despite being provided with ample opportunity to do so at the July 2021 hearing. *Id.* at 6-7.

## II. Analysis

On appeal,[6] Requester contends the trial court erred in failing to find that the City disregarded its obligation under the RTKL to provide him with information

---

[6] Our standard of review of determinations made by OOR appeals officers under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013). We are also mindful that our "goal when interpreting a statute is to ascertain and effectuate the General Assembly's intent," and that the plain language of a statute is generally the best indicator thereof. *Ghaderi v. State Board of Osteopathic Medicine*, 302 A.3d 240, 244 (Pa. Cmwlth. 2023).

concerning the February 2020 sheriff's sale. (Requester's Br. at 4, 8-10.) Requester also challenges OOR's dismissal of his appeal as untimely. *Id.* at 5, 10.

"Initially, the purpose of the RTKL is to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *In re Melamed*, 287 A.3d 491, 497 (Pa. Cmwlth. 2022). Although an agency has an obligation to provide information in good faith to requesters under the RTKL, the statute imposes certain requirements relating to extensions. Specifically, as noted, Section 902(b)(2) provides that where the response from an agency is expected to exceed 30 days, that request "**shall be deemed denied unless the requester has agreed in writing to an extension** to the date specified in the notice." 65 P.S. § 67.902(b)(2) (emphasis added).

In the instant case, after invoking the initial 30-day extension period concerning the Request, the City requested an additional extension, citing staffing limitations and other logistical constraints. Requester, however, failed to respond to the communication in writing, as required by Section 902. Therefore, the extension was not implemented, and the Request was deemed denied, triggering the 15-day appeal period. *See* Section 1101 of the RTKL, 65 P.S. § 67.1101. Because Requester did not file his appeal with OOR within 15 business days of the deemed denial of his Request, the appeal was untimely, thereby depriving OOR and the trial court of jurisdiction over the matter. Therefore, the trial court properly affirmed the Final Determination of OOR.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Regarding the merits of Requester's argument, we agree with the trial court's assessment that he has provided no support for his threadbare claim that the City conducted itself inappropriately or deceptively in handling his Request.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cash Wright,                   :
           Appellant        :
                     :   No.  1204 C.D. 2021
        v.            :
                     :
Office of Open Records    :

## *ORDER*

AND NOW, this 16th day of January, 2024, the July 14, 2021 Order entered in the Philadelphia County Court of Common Pleas is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge